IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID PAITSEL, | § | |
| | § | No. 131, 2019 |
| Defendant Below– | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1401007717 (K) |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted:  April 3, 2019
Decided:    April 4, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the Rule to Show Cause and the appellant's response, it appears to the Court that:

(1)     On March 25, 2019, the Court received David Paitsel's notice of appeal from a May 21, 2018 Superior Court sentence order for a violation of probation. Under Supreme Court Rule 6, a timely notice of appeal from a sentence imposed on May 21, 2018, should have been filed on or before June 20, 2018.

(2)     The Clerk issued a notice directing Paitsel to show cause why his appeal should not be dismissed as untimely.  Paitsel filed a response to the notice to show cause on April 3, 2019.  In his response, Paitsel contends that he would have pursued

his appeal in a timely manner but he was under the impression his attorney was going to file a motion to modify his sentence with the Superior Court.

(3)     Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4]

(5)     Here, there is nothing in the record to reflect that Paitsel's failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Thus, the Court concludes that the appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 26(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice